**Paul REINHARDT, Plaintiff-Appellant,**

v.

**BENEFIT TRUST LIFE INSURANCE COMPANY, A Mutual Legal Reserve Company; Seaboard Systems Railroad, Inc., Defendants-Appellees.**

No. 86–3642.

United States Court of Appeals,
Fourth Circuit.

Argued April 8, 1987.

Decided June 2, 1987.

John Bertram Mann, Richmond, Va., (Levit & Mann, on brief), for plaintiff-appellant.

H. Aubrey Ford, III, Richmond, Va., (Phillip B. Morris, Browder, Russell, Morris & Butcher, on brief), David G. Shuford (John F. Kay, Jr., Russell V. Palmore, Jr., Mays & Valentine, on brief) for defendants-appellees.

Before WIDENER and HALL, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.

K.K. HALL, Circuit Judge:

Paul Reinhardt appeals from the district court's order granting the motion of the defendants, Benefit Trust Life Insurance Company ("Benefit Trust") and Seaboard Systems Railroad, Inc. ("Seaboard") to dismiss Reinhardt's suit brought pursuant to the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 60 and the Civil Rights Act, 42 U.S.C. § 1985. We affirm.

On November 3, 1981, Reinhardt was hired by Benefit Trust to sell insurance policies to members of various unions including employees of Seaboard. While performing these duties, Reinhardt distributed a pamphlet entitled, "How to Protect your Rights When Injured on the Job," to Seaboard employees. The pamphlet contained advice regarding employee rights under FELA. Learning of his actions, Seaboard demanded that Benefit Trust discharge Reinhardt. Benefit Trust complied.

On July 3, 1986, Reinhardt filed suit against Benefit Trust and Seaboard, contending that both companies had violated § 60 of FELA[1] and § 1985 of the Civil Rights Act. The district court dismissed the suit, concluding *inter alia,* that the conduct which prompted Reinhardt's dismissal was not protected activity under § 60. The district court also found that neither Benefit Trust nor Seaboard was a proper defendant in a § 60 violation suit involving the conduct of an employee of an insurance company.

In this appeal, Reinhardt argues that the district court erred in concluding that only common carriers violate § 60 of FELA, and that § 60 is violated only where (a) the defendant common carrier disciplines its own employee, and (b) such employee was engaged in distributing factual information relating to a specific common carrier accident. Reinhardt also contends that the court erred in dismissing his § 1985 claim for lack of racial animus.

■ We cannot agree that the district court erred in dismissing the FELA claim. This claim was dismissed, in part, because the activity that prompted Reinhardt's dis-

charge was not activity that was protected by § 60. Section 60 prohibits the discipline of an individual who engages in "furnishing voluntarily information to a person in interest as to the facts incident to the injury or death of any employee." Rather than furnishing facts related to a specific accident, Reinhardt had distributed information describing general legal rights.[2]

■ We also find no error in the district court's dismissal of appellant's claim brought pursuant to § 1985 of the Civil Rights Act. Reinhardt asserts that the defendants had engaged in a conspiracy to deny him his freedom of speech rights under the First Amendment. Although the Supreme Court held in *Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971), that § 1985 can be used to reach conspiracies of private individuals, it may do so only where there are allegations of racial or class-based discriminatory animus. There were no such allegations in this case.

For the foregoing reasons, we accordingly affirm.

AFFIRMED.

---

1. Throughout this suit appellee has not protested the application of this criminal statute in a civil context. The Fifth Circuit has held that the civil application of § 60 is proper. *Gonzalez v. Southern Pacific Transportation Co.,* 773 F.2d 637, 640 (5th Cir.1985), *Hendley v. Central of Georgia Railroad Co.,* 609 F.2d 1146, 1152–53 (5th Cir.1980).

2. Because we conclude that the district court properly dismissed the § 60 claim on the above reasoning, we need not decide whether the court erred in concluding that only common carriers violate § 60 or that § 60 is violated

only where the persons disciplined are common carrier employees. Although we leave this question for another day, we suggest that the plain language of the statute is not as restrictive as the district court suggests. In *Cavanaugh v. Western Maryland Railway Company,* 729 F.2d 289 (4th Cir.1984), this Court stated that § 60 "was intended to prevent the railroad from making inaccessible to an injured employee other railroad employees whose testimony might be helpful...." However, that statement does not preclude the regulation of other persons under § 60.